IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA RABEL, ANDREA RABEL
AND N.R., a minor,

                                                                 OPINION AND ORDER

                          Plaintiffs,

                                                                 20-cv-821-bbc

     v.

NEW GLARUS SCHOOL DISTRICT,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiffs Joshua and Andrea Rabel and their daughter N.R. filed this suit under 42 U.S.C. § 1983, alleging that defendant New Glarus School District and its employees violated their civil rights by using excessive force against N.R., unlawfully restraining N.R., and retaliating against all of the plaintiffs when N.R.'s parents complained about a lack of supervision during the 2018-19 school year.  Now before the court is defendant's motion to dismiss plaintiffs' federal constitutional claims for plaintiffs' failure to exhaust their administrative remedies under federal education law.  Dkt. #5.  In the alternative, defendant moves for dismissal of plaintiffs' claims for declaratory and injunctive relief and for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiffs argue that they were not required to exhaust their remedies under federal education law, but they do not oppose defendant's alternative motions for a more definite statement or for dismissal of their claims for declaratory and injunctive relief.

       For the reasons below, I am granting defendant's motion to dismiss for failure to

exhaust with respect to plaintiffs' First Amendment retaliation claim and denying the motion with respect to plaintiff's excessive force and unlawful seizure claims. In addition, I am granting defendant's alternative motion to dismiss plaintiffs' claims for declaratory and injunctive relief. Defendant's motion for a more definite statement will be denied as moot.

Plaintiffs allege the following facts in their complaint.

## ALLEGED FACTS

Plaintiffs Joshua and Andrea Rabel are the parents of plaintiff N.R., a 14-year old child diagnosed with down syndrome and autism spectrum disorder. N.R. is enrolled in defendant New Glarus School District. Her education within the district is governed by an individualized education plan (IEP) pursuant to the Individuals with Disabilities in Education Act (IDEA).

By the fall of 2018, plaintiffs believed that the services provided to N.R. pursuant to her IEP were not keeping up with her needs. Plaintiffs requested behavioral therapy, which was denied by defendant's special education director, Jennifer Krantz. Even though the denial of behavioral therapy led to increasing struggles for N.R., Krantz remained indifferent to N.R.'s problems and refused to take timely action to provide needed services. As a result of the denial of behavioral therapy, N.R. began having more behavioral outbursts. Defendant used physical force and seclusion to control these outbursts.

Between October 17, 2018 and May 30, 2019, defendant's staff forcibly restrained N.R. at least 74 times on at least 32 separate school days. Krantz reported only 27 of those

incidents. Many instances of restraint and seclusion were concealed or were not reported. On October 24, 2018, Krantz and another special education teacher removed N.R. from a bathroom. When N.R. resisted, N.R. was placed in a "time out room" with her head down against a desk and made to apologize for her actions. On February 8, 2019, principal Mark Stateler pinned N.R. to the floor twice after N.R. refused to comply with verbal orders, even though she had already been placed in seclusion. On other occasions, Stateler threatened N.R. with physical force if she did not comply with teachers' commands, physically assaulting N.R. when the threats were not successful. All of this occurred even though defendant's staff knew that N.R. was mentally incapable of appreciating and responding favorably to the use of threats and pain to modify her behavior.

On or about March 29, 2019, defendant lost N.R. during the school day. Plaintiffs filed a special education complaint against defendant with the Wisconsin Department of Public Instruction. After plaintiffs filed the complaint, Krantz suspended N.R. on April 15, 17, and 18, 2019, changed N.R.'s school routine to include things known to trigger behavioral outbursts, modified N.R.'s IEP to provide that defendant would contact law enforcement if N.R. struck any staff member three times with intent, failed to provide notice and accommodation to allow N.R. to attend class field trips, and changed N.R.'s school placement to a specialized disability education school outside of New Glarus where she would not interact with her peers who did not have disabilities. From April 23 to June 3, 2019, New Glarus staff called police about N.R. seven times, but none of the calls were made because of weapons, criminal acts, or perceived imminent danger to life or safety.

By the end of the spring semester of 2019, N.R. had experienced significant trauma, which led to her diagnosis and treatment for post-traumatic stress disorder and required trauma-informed care. N.R. has since attended Common Threads in McFarland, Wisconsin, and has been receiving some services through the Center for Behavioral Intervention in New Glarus. Plaintiffs would like to reintroduce N.R. in the local school when it is safe to do so. They seek declaratory, injunctive, and monetary relief.

OPINION

A. Plaintiffs' Claims and Motion for More Definite Statement

Plaintiffs assert in their complaint that they are bringing a claim under 42 U.S.C. § 1983 for the "deprivation of civil rights." Dkt. #1 at ¶ 58. Defendant has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), saying that the complaint does not clearly identify defendant's conduct or the constitutional rights that defendant allegedly violated. Chapman v. Yellow Cab Coop., 875 F.3d 846, 849 (7th Cir. 2017) (internal quotations omitted) (more definite statement required if pleading "so vague or ambiguous that the party cannot reasonably prepare a response").

Although plaintiffs agree that their claims for relief do not identify the specific constitutional provisions under which they are suing, they point out that the complaint clearly alleges that district officials and staff used "excessive restraint, seclusion, and gratuitous or unnecessary physical force on" N.R. and retaliated against plaintiffs for complaining about it. Dkt. #1 at ¶ 1. Plaintiffs further allege in their complaint that

defendant has a legal responsibility for these violations as an employer, and knowingly authorized the violations, or at least failed to adequately supervise and train those who committed them. Id. at ¶ 59. These allegations are sufficient to allow defendant to prepare a response. Plaintiffs are not required to plead legal theories or identify the applicable law. Chapman, 875 F.3d at 848-49 ("Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system.").

In any event, plaintiffs have clarified their claims in their response to defendant's motion to dismiss, alleging that (1) defendant's staff violated N.R.'s rights under the Fourth Amendment and the due process clause of the Fourteenth Amendment by using excessive force and improperly seizing her when they restrained and secluded her at school; and (2) defendant's staff (particularly Krantz) retaliated against Joshua and Andrea Rabel for filing a complaint with the Wisconsin Department of Public Instruction, in violation of their rights under the First Amendment. Therefore, defendant's motion for a more define statement will be denied as moot.

## B. Exhaustion

Defendant contends that plaintiffs' claims should be dismissed because they have not satisfied the exhaustion requirements of the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. §§ 1400-82. That Act guarantees children with disabilities a "free, appropriate public education," and requires a public school to provide a disabled student special education and related services in conformity with the student's individualized

5

education program. Id. §§ 1401(9)(D), 1412.

To bring a civil action for a violation of the IDEA, a plaintiff must first follow the administrative exhaustion requirements created by the statute. Id. § 1415(i)(2)(A). The exhaustion requirements apply to all claims brought under the IDEA, as well as all claims that could have been brought under the IDEA but are brought under a different statute. Id. § 1415(l). For example, if a student brings a claim under the Americans with Disabilities Act, the Rehabilitation Act, or § 1983, contesting the adequacy of a special education program, it is likely that the exhaustion requirements of the IDEA would apply. Fry v. Napoleon Community Schools, 137 S. Ct. 743, 755 (2017). However, the only "relief" available under the IDEA is a "free, appropriate public education." Id. at 748 (citing § 1412(a)(1)(A)). Thus, claims requesting relief unrelated to the denial of a free, appropriate public education do not require the plaintiff to exhaust her administrative remedies. Id. at 754 ("[E]xhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee" of a "free, appropriate public education.").

To determine whether a suit seeks relief available under the IDEA, for denial of a free, appropriate public education, courts must look to the "substance, or gravamen, of the plaintiff's complaint." Id. at 752. This does not mean the court should look solely at labels or terms listed in the plaintiff's complaint. Id. at 755 (inquiry does not depend on whether complaint includes or omits words "free, appropriate public education" or "individualized education program"). Rather, the question is whether the essence of the complaint seeks

redress for a school's failure to provide a free, appropriate public education. Id. If it does, then exhaustion of administrative remedies is required. Id.

In this instance, plaintiffs bring their claims under § 1983, not the IDEA. They did not attempt to exhaust their claims using IDEA administrative exhaustion procedures. Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has considered whether claims based on the seizure or use of force against a student with an IEP or claims based on retaliation for the filing of a complaint with a state education department must be exhausted under the IDEA. However, in Fry, 137 S.Ct. At 756, the Supreme Court identified two questions that can help courts determine whether a plaintiff's claim requires IDEA exhaustion. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school, such as a public theater or library? Second, could an adult at the school, such as an employee or visitor, have raised essentially the same grievance? Id. If the answer to those questions is "yes," a complaint is unlikely to be about denial of a free, appropriate public education, and exhaustion is not required. Id. If the answer to both questions is "no," then the complaint probably does concern a free, appropriate public education, regardless whether the claim is brought under the IDEA or a different statute. Id.

1. Excessive force and improper seizure

Defendant contends that plaintiffs' claims could have been brought under the IDEA because plaintiffs are essentially arguing that defendant denied N.R. a free, appropriate

7

public education. Defendant points out that plaintiffs refer repeatedly to N.R.'s IEP in their complaint and allege that defendant did not comply with the IEP by responding to N.R.'s outbursts with behavioral therapy, added inappropriate provisions to the IEP, and failed to provide N.R. other special education accommodations that she required.

In support of its position, defendant cites two cases in which courts outside this circuit have held that claims involving the use of isolation and restraints by school officials required IDEA exhaustion. J.L. by & through Leduc v. Wyoming Valley West School District, 722 F. App'x 190, 193 (3d Cir. 2018) (complaint alleged van driver's use of locking device to keep J.L. in his seat but sought relief for deprivation of guaranteed rights to FAPE); J.M. v. Francis Howell School District, 850 F.3d 944, 948-49 (8th Cir. 2017) (complaint alleged denial of public education because J.M. placed in physical restraints for half of time he spent at defendant's schools). However, there are also several cases in which courts concluded that claims about physical force against a student do not require IDEA exhaustion. E.g., Doe Child by Doe v. Stark County Community Unit School District #100, No. 19-1215-MMM, 2019 WL 6702538, at *3 (C.D. Ill. Dec. 9, 2019) (disabled student who was physically abused by school bus aide did not need to exhaust claims under IDEA); J.P. v. Williamson County Education Services, No. 3:16-CV-879-NJR-DGW, 2018 WL 9651501, at *5 (S.D. Ill. Mar. 27, 2018) (constitutional claims based on allegations that school personnel confined student in closet and used harmful armlock, wristlock, and fingerlock restraint techniques to address behaviors that were manifestations of disability did not require exhaustion under IDEA); P.H. by Luna v. Tehachapi Unified Sch. Dist., No.

1:L17-cv-00257-DAD-JLT, 2017 WL 3085020, at *4 (E.D. Cal. Jun. 9, 2017) (claims based on allegations that school officials isolated plaintiff from other children and physically and psychologically abused her because of her disability did not require IDEA exhaustion). I find the second set of cases more persuasive, as well as consistent with the Supreme Court's discussion in Fry.

The crux of plaintiffs' Fourth Amendment and due process claims, as clarified in their response to defendant's motion to dismiss, involves what plaintiffs describe as repeated acts of excessive restraint, seclusion, and physical force. Although they discuss N.R.'s IEP and defendant's inadequate responses to N.R.'s disability in their complaint, they do not suggest that an IEP violation is the basis for the claim. Rather, it is the acts of force themselves that provide the bases or the claim. Considering the questions set forth in Fry, plaintiffs could bring the same claims for excessive force and unlawful seizure if a state actor had used excessive restraint, seclusion, and physical force to address N.R.'s behavior or outbursts at another public facility, such as a library or theater. In addition, an adult with a disability at the school could have sued a school employee who forcibly restrained or secluded the adult for similar outbursts. "[T]he fact that the use of restraint and seclusion on an individual is more likely to occur in an educational setting does not mean here that the gravamen of the Amended Complaint is about the denial of a FAPE." J.P., 2018 WL 9651501, at *5 n.1. See also Fry, 137 S. Ct. at 756 (Although lawsuit "could be said to relate, in both genesis and effect, to the child's education . . . the substance of the plaintiff's claim is unlikely to involve the adequacy of special education—and thus is unlikely to require exhaustion.").

Accordingly, I find that plaintiffs were not required to exhaust their excessive force and improper seizure claims under the IDEA before bringing this lawsuit.

2. Retaliation

Although plaintiffs base their retaliation claim on their First Amendment right to free speech, both their protected speech and the alleged retaliatory acts concern the adequacy of N.R.'s special education. They allege that defendant's staff, and Krantz in particular, retaliated against them for complaining to DPI about defendant's treatment of N.R. (presumably defendant's actions associated with losing N.R. during a school day), by taking action related to N.R.'s education and IEP: suspending N.R. from school, changing N.R.'s IEP to include a provision about contacting law enforcement to assist with her behavioral outbursts, failing to notify plaintiffs about field trips, not accommodating N.R. on field trips, and placing N.R. in a different school where she would not receive an integrated education.

As defendant points out, at least three appellate courts outside this circuit have held that similar retaliation claims asserted under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act (ADA) are subject to the IDEA's exhaustion requirements. Batchelor v. Rose Tree Media School District, 759 F.3d 266, 273-74 (3rd Cir. 2014) (noting law was not clear but deciding that plaintiffs' claims that defendant retaliated against them for "advocating" for son "related" to the District's provision of a FAPE. M.T.V. v. DeKalb County School District, 446 F.3d 1153, 1158-59 (11th Cir. 2006); Rose v. Yeaw, 214 F.3d 206, 210 (1st Cir. 2000) (claims that school retaliated against student in response to

parents' efforts to enforce educational rights "relate unmistakably to the evaluation and educational placement" of student); Weber v. Cranston School Comm., 212 F.3d 41, 52 (1st Cir. 2000) ("Weber's claim of retaliation is literally 'related' to the identification, evaluation, or educational placement of [her] 'child.'"). One court in this circuit has concluded that First Amendment retaliation claims about a student's treatment at school does not require IDEA exhaustion. Stanley v. Carrier Mills-Stonefront School District No. 2, 459 F. Supp. 2d 766, 777 (S.D. Ill. 2006) (rejecting defendants' argument that plaintiff must exhaust retaliation claim based on fact that student was not receiving special education services due under IEP). However, in that case, the court based its decision on the fact that defendants had not cited any authority saying that the parents' First Amendment claim was actually an indirect attack on the adequacy of their child's educational program requiring exhaustion under the IDEA. Id.

Unlike the excessive force claim, the basis of plaintiffs' retaliation claim is the alleged violation of N.R.'s IEP and the denial of her Free and Appropriate Public Education. Both the DPI complaint and the alleged retaliatory conduct was directed at N.R.'s educational conditions and her parents' status as parents. Cf. Southard v. Wicomico County Board of Education, 79 F. Supp. 3d 552, 559 (D. Md. 2015) (not requiring IDEA exhaustion where alleged retaliation directed at parent's conditions of employment and other matters unrelated to their status as parents). Considering the questions set forth in Fry, plaintiffs could not bring the same retaliation claim against a state actor at a non-school public facility. Nor could an adult at the school sue a school employee for similar conduct. Accordingly,

plaintiffs' retaliation claim must be dismissed because plaintiffs did not exhaust the administrative procedures under the IDEA before bringing that claim.

### C. Declaratory and Injunctive Relief

In their complaint, plaintiffs request a declaration that defendant violated their civil rights and an injunction barring defendant from using legally impermissible physical restraint or seclusion with N.R., from retaliating against them, and from requiring defendant to report all instances of seclusion and restraint. Defendants are correct in arguing that plaintiffs are not entitled to such relief because declaratory and injunctive relief is not available to remedy past, completed actions when there is no continuing action or violation. Kress v. CCA of Tennessee, LLC, 694 F.3d 890, 894 (7th Cir. 2012). In this case, there is no ongoing relationship between the parties, and plaintiffs have not alleged any continuing or ongoing wrongdoing on the part of defendant. Because plaintiffs have not responded to defendant's arguments on this issue, they have abandoned these claims for relief. Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011). Accordingly, defendant's motion to dismiss plaintiffs' claims for declaratory and injunctive relief will be granted.

### ORDER

IT IS ORDERED that:

1. Defendant New Glarus School District's motion to dismiss plaintiffs' complaint for their failure to exhaust their administrative remedies under federal education law, dkt.

#5, is GRANTED with respect to plaintiffs' First Amendment retaliation claim. The motion is DENIED with respect to plaintiffs' Fourth Amendment and due process claims.

2. Defendant's alternative motion to dismiss plaintiffs' claims for declaratory and injunctive relief, dkt. #5, is GRANTED, and those claims for relief are DISMISSED.

3. Defendant's alternative motion for a more definite statement, dkt. #5, is DENIED as moot.

Entered this 2d day of March, 2021.

BY THE COURT:

_/s/_____
BARBARA B. CRABB
District Judge